IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID GENE MERKEY JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-08-1070-D |
| | ) |
| BRANDON WESTERN, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff David Merkey is a state prisoner who alleges constitutional violations at the Oklahoma County Jail. According to the Plaintiff, his Fifth and Eighth Amendment rights were violated when jail officials labeled him a "snitch." Civil Rights Complaint Pursuant to 42 U.S.C. §1983 (Oct. 7, 2008) ("Complaint"). Defendant Western moves for dismissal in part based on a failure to exhaust administrative remedies. Defendant's Motion to Dismiss/Motion for Summary Judgment and Brief in Support (Dec. 5, 2008) ("Defendant's Dispositive Motion").[1] The Court should grant the motion to dismiss on these grounds.[2]

I.   BACKGROUND

According to the complaint, Defendant Western told inmates at the Oklahoma County Jail that the Plaintiff had reported illegal activity by those inmates to jail officials. Complaint

---

[1]   The Plaintiff has not responded to the motion.

[2]   The Defendant has also requested dismissal and/or summary judgment on other grounds. Defendant's Dispositive Motion at pp. 7-15. The Court need not address these arguments in light of the suggested ruling. *See infra* pp. 2-4.

at p. 2.  As a result, the Plaintiff asserts that he became known as a "snitch" and feared for his safety.  *Id.*  Apparently believing that he was in danger, Mr. Merkey requested and obtained transfer to a different floor.  *Id.* at pp. 2, 4, 5.  In the present action, the Plaintiff seeks damages for emotional anguish as a result of the "snitch" label.  *Id.* at pp. 2, 5.

II.   EXHAUSTION REQUIREMENT

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000).  Exhaustion requires the Plaintiff to utilize the prison administrative system and supply enough information for internal investigation of his complaint.[3]

The Oklahoma County Jail has created a four-step administrative process.  *See* Defendant's Dispositive Motion, Exhibit 2.[4]  First, an inmate can attempt to informally resolve the claim by speaking with a staff member.  *See id.* at p. 1.  If this attempt is unsuccessful, the inmate can file a request to staff.  *See id.*  If the inmate is not satisfied with the response to the request to staff, he may file grievance within fifteen days of the incident

---

[3]   *See Kikumura v. Osagie*, 461 F.3d 1269, 1282-85 (10th Cir. 2006); *accord Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) ("As a general matter, courts typically use a standard [under 42 U.S.C. § 1997e(a)] according to which a grievance should give prison officials 'fair notice' of the problem that will form the basis of the prisoner's suit." (citation omitted)).

[4]   In deciding whether to dismiss the action for nonexhaustion, the Court can consider the "administrative documents" without conversion of the motion to one for summary judgment.  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

or the response to the request to staff.  *See id.*  If the inmate remains dissatisfied, he can appeal to the Jail Administrator within ten days of the adverse ruling.  *See id.* at pp. 1-2.

III.    DISMISSAL FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Mr. Merkey failed to utilize the administrative process for his present claim.  The basis of the complaint is that Officer Western had labeled the Plaintiff a snitch.  *See supra* pp. 1-2.  When asked about exhaustion of administrative remedies, the Plaintiff pointed out that he had obtained transfer to a different pod for his safety.  Complaint at p. 5; *see* Defendant's Dispositive Motion, Exhibit 1, Attachment 2.  But Mr. Merkey never notified authorities of any complaint about being labeled as a "snitch."  *See* Complaint, *passim*; Defendant's Dispositive Motion, Exhibit 2 at p. 2.  Thus, the request to staff did not alert prison officials about the need to investigate the allegations raised in the complaint[5] and Mr. Merkey did not follow with a grievance.  *See* Defendant's Dispositive Motion, Exhibit 2 at p. 2, Exhibit 3 at p. 2.[6]  As a result, Mr. Merkey did not supply administrative authorities with any information about the subject of the present suit.

---

[5]    *See Paulino v. (FNU) (LNU)*, 203 Fed. Appx. 942, 944 (10th Cir. Nov. 6, 2006) (unpublished op.) (upholding the district court's conclusion that grievances had not supplied prison officials with sufficient notice to investigate specific claims).

[6]    The cited affidavits can be considered without conversion to a summary judgment motion. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003) (stating that a court can consider a declaration on the issue of administrative exhaustion), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007); *see also supra* p. 2 n.4.

Due to Mr. Merkey's failure to exhaust his administrative remedies, the Court should dismiss the complaint. However, the dismissal for nonexhaustion should be without prejudice to refiling. *See Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1138 (10th Cir. 2005).

IV.     NOTICE OF THE RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by February 19, 2009. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling.[7]

V.      STATUS OF THE REFERRAL

The referral is terminated.

Entered this 30th day of January, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[7]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").